IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONNIE J. JACKSON, JR.,

    Plaintiff,
v.                                    CASE NO. 5:18-cv-125-MCR-GRJ

CAPTAIN HELMS, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing ECF No. 1, "Violation of 1st Amendment Placing Plaintiff and All Hebrew-Israelite at Risk of Immenate [sic] Danger," which the Court construed as a complaint alleging a violation of Plaintiff's First Amendment rights. ECF No. 7. The Court then ordered Plaintiff to file his complaint on the Court-approved form for *pro se* prisoner litigants and to either pay the $400.00 filing fee or file a completed motion for leave to proceed as a pauper on or before July 5, 2018. *Id.*

Plaintiff now seeks a ninety (90) day extension of time to comply with the Court's order. ECF No. 10. Specifically, he says "Plaintiff seeks extention [sic] of time to complete the Grievance Process, exhausting all

institutional remedies of psychological, medical, religious, and administrational [sic] responses." *Id.*

Under the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Eleventh Circuit has stated that "[t]he plain language of [§ 1997e(a) ] makes exhaustion a precondition to filing an action in federal court." *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The word "brought" in § 1997e(a) "refer[s] to the filing or commencement of a lawsuit, not to its continuation." *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000). In other words, "prisoners must exhaust any administrative remedies available to them *before* filing a suit in federal court based on violations of constitutional rights." *Miller v. Tanner*, 196 F.3d 1190, 1192–93 (11th Cir.1999) (emphasis added).

Based on Plaintiff's request for an extension of time to exhaust his administrative remedies, it is clear that Plaintiff did not exhaust them *before* filing his suit in federal court, as required by § 1997e. Therefore, Plaintiff's

failure to administratively exhaust the claims in the complaint before filing this case provides grounds for dismissal without prejudice. Plaintiff may file a new complaint alleging a violation of his First Amendment rights after he exhausts his claims.

Accordingly, it is **ORDERED** that Plaintiff's motion for extension of time, ECF No. 10, is **DENIED.**

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for failure to exhaust administrative remedies before filing the case.

**IN CHAMBERS** this 25th day of July 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**